## RATHBUN ET AL. *v.* GOLL.

[No. 15,845. Filed April 18, 1938.]

*Dudley W. Gleason* and *Atkinson & Sanders,* for appellants.

*L. H. Dunten* and *Walter D. Slump,* for appellee.

KIME, J.—This was an action brought by the appellee against the appellants to set aside a deed of conveyance. The complaint was in one paragraph and alleged that appellee was a creditor of appellant Kenneth D. Rathbun and that the said appellant had executed a conveyance of certain real estate to his mother, the appellant Florence Linda Rathbun, for the purpose of hindering and delaying the appellee in the collection of a judgment theretofore rendered in his favor.

To this complaint the appellants filed separate and several answers in general denial. The issues thus formed were presented to the court for trial. The court found for the appellee that the conveyance, herein sued upon, from the appellant Kenneth D. Rathbun to the appellant Florence Linda Rathbun, should be set aside, annulled, held for naught and declared to be of no force and effect. Appellants' separate and several motion for new trial, on the grounds that the finding of the court was not sustained by sufficient evidence and that it was contrary to law, was overruled and judgment was entered on the finding of the court as above set out. This appeal followed and the error assigned is that the court erred in overruling appellants' motion for new trial.

The question presented is whether or not the finding of the court was sustained by sufficient evidence, the appellants contending that there was no evidence to support the allegation of fraud.

We have read all the evidence herein very carefully and find that appellants and one Ethel R. Menzenberger, who is a daughter of Florence Linda Rathbun and a sister of Kenneth D. Rathbun, were the only witnesses; that all three testified in reference to the alleged consideration for the conveyance herein; that their evidence was conflicting, contradictory, and in many instances of such nature as to be unconvincing and vague, but was such that the trial court was justified in finding that there had been no consideration for the conveyance and that such conveyance was fraudulently made for the sole purpose of defrauding appellee, who was a creditor of Kenneth D. Rathbun.

No reversible error having been shown, the judgment of the Noble Circuit Court is in all things affirmed.

Wood, J., not participating.